CARRIE C. JACOBS AND ROLAND JACOBS, HER HUSBAND, PLAINTIFFS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, AND ERNEST SCHWALM, DEFENDANTS.

Submitted October 18, 1930—Decided May 25, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Henry H. Fryling* (*James J. Higgins,* of counsel).

*Contra, George W. Gregory* (*Robert S. Hartgrove,* of counsel).

PER CURIAM.

This case was tried at the Monmouth Circuit and resulted in a verdict in favor of Mrs. Jacobs for $7,000, and a verdict in favor of her husband for $1,000, against the defendant Public Service Co-ordinated Transport, and a verdict of no cause of action as to the co-defendant.

The defendant Public Service Co-ordinated Transport was granted a rule to show cause why the verdicts should not be set aside.

It is said that the verdicts are excessive as to amounts, and are contrary to the weight of the evidence. We think not.

Mrs. Jacobs, while a passenger in a bus of the defendant in Newark, was thrown about on the seat when a collision occurred between the bus and another automobile owned by the other defendant, and her back and side were injured. She was not rendered unconscious, but alighted from the bus and went to her brother's home in Newark, and then by train to her own home in Freehold. There she went that evening to the office of Dr. Carey, returned home and went to bed where she remained for three weeks and was there treated by Dr. Carey, and thereafter for two months at his office. He found a bruised condition of the left hip which remained for about five weeks. Her mother testified that she saw two bruised spots about the size of an egg on plaintiff's back. Her husband testified that she had bruised spots on the side of her back and she complained of her back and sides. She was nervous and had crying spells.

The accident occurred about noon on January 5th, 1928. The trial was two years and five months afterward. Dr. Carey at first had diagnosed her condition as a sprained back.

After Dr. Carey's treatment was finished she went to an osteopath and was treated by him over a period of two months for pain in her back, nervousness and loss of sleep. At the time of the accident she was thirty years old; she was employed as a stenographer at a salary of $25 a week. She testified that she was unable to resume her work for a period of about five months; that she then resumed her work intermittently for about three months when she had to stop, being disabled by weakness of her legs, difficulty in walking, and bladder trouble. She seems to have grown worse towards the end of the year 1928 and was obliged to resort to the use of crutches for a time, and then to the use of two canes, and was then attended by Dr. Darden, and thereafter by other physicians. At the time of the trial she used one cane. At the time of the trial there was a dragging of her right foot, a wasting of the muscles of the leg, and a tendency to stumble and fall, which tendency had been present over a period of more than six months. The physicians testified that there was an abnormal condition of the spine and a lump in front of the sacro-lumbar vertebra, which condition, they testified, might have resulted from an injury such as she had received and produced the paralytic condition from which she suffered. They testified in effect that the indications were that the condition was permanent.

If this testimony is to be believed, together with other testimony as to the consequential damages of the husband (which need not be recited here), it seems clear that neither of the verdicts can be said to be excessive.

The defendant says that the testimony is not to be believed in its entirety; or, stated in another way, that the testimony of the wife and her family, and of her doctor, which seems to clearly justify these verdicts, is against the weight of the evidence, when considered in the light of the defendant's evidence. We cannot say that it is.

The defendant also complains that the court refused to charge this request: "There can be no recovery for any injury to the legs or feet, because there is no allegation in the complaint that the plaintiff received any such injuries." The complaint charged that by reason of the accident she

was severely and permanently injured about her back, hip and head, and sustained severe hurts, cuts, wounds and bruises about her body and suffered great pain, and had suffered great nervous shock, and had been unable to attend to her regular duties of employment. We think that the complaint is broad enough to justify the jury in taking into account the injuries to the legs and feet if, as stated by the trial judge in his charge, they were the proximate result of the accident.

It was next said that the court erred in refusing to charge: "There can be no recovery for any effects which now exist which is the result of child birth." We think that this request was charged in effect in language which seems to be sufficient and which we think did not mislead the jury.

We think that the foregoing observations apply to the refusal of other very similar requests to charge.

The rule to show cause will be discharged, with costs.